# EXHIBIT B-1

**CL-15-3231-A**

CAUSE NUMBER _____

| | | |
|---|---|---|
| VICTOR SANCHEZ, | § | IN THE COUNTY COURT |
| Plaintiffs | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| | § | |
| STANDARD GUARANTY | § | |
| INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |
| Defendants | § | |

---

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, VICTOR SANCHEZ, (hereinafter referred to as ("PLAINTIFFS"), and files his first Original Petition against DEFENDANTS, STANDARD GUARANTEE INSURANCE COMPANY for cause of action would respectfully show the Court the following:

### I.    Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks damages of monetary relief of $100,000 or less. Specifically, PLAINTIFF seeks damages of monetary relief of no more than $75,000.00.

### II.    Service of Process

Defendant, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service COMMISSIONER OF INSURANCE: TEXAS DEPARTMENT OF INSURANCE, P.O. BOX 149104, AUSTIN, TEXAS 78714 whom will then serve process by sending a

Accepted by: Ester Espinoza

Electronically Submit
9/18/2015 5:09:33 I
Hidalgo County Clerks Off

**CL-15-3231-A**

citation and a copy of the original petition to STANDARD GUARANTY 260 INTERSTATE NORTH CIR SE ATLANTA, GA 30339.

DEFENDANT is in the business of insurance in the State of Texas. The insurance business done by DEFENDANT in Texas includes, but is not limited to the following:

1.  The making and issuing of contracts of insurance with the PLAINTIFF;

2.  The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3.  The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4.  The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5.  The adjusting and inspection of PLAINTFF'S insurance claims;

6.  Making insurance coverage decisions;

7.  Taking part in making insurance coverage decisions; and

8.  Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

III. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO

**CL-15-3231-A**

County, Texas, and all or part of the events made the basis of this lawsuit and giving rise

to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

### IV.    Facts

DEFENDANT and/or its agents committed the actions alleged against

PLAINTIFF in this complaint. PLAINTIFF owns the property located at: PLAINTIFF

VICTOR SANCHEZ own the property located at: 1105 E 7th Street, San Juan, Texas

with Policy No. SLS668646200; Claim No. 00101661641.

DEFENDANT provided coverage to the PLAINTIFF for such building, personal

property, and other matter. During the term of said policy, PLAINTIFF sustained covered

losses in the form of a hail/windstorm event on or about June 10, 2014 in HIDALGO

County, and water damages resulting there from, including damage to the architectural

finishes of the property. PLAINTIFF promptly reported losses to DEFENDANT pursuant

to the terms of the insurance policy.    As a result, PLAINTIFF'S property sustained

damage, including the cost of destruction and restoration of the property necessary to

access and fix the damaged areas.    These are covered damages under PLAINTIFF'S

insurance policy with DEFENDANT.    PLAINTIFF has been damaged in an amount in

excess of the minimum jurisdictional limits of this Court, including injuries sustained as a

result of having conduct business during the pendency of DEFENDANT'S conduct.

### V.    Conditions Precedent

All notices and proofs of loss were timely and properly given to DEFENDANT in

such manner as to fully comply with the terms and conditions of the relevant insurance

policies or other contracts and applicable law.    More than sixty days prior to the filing of

this suit, written demand for payment and notice of complaint pursuant to Texas

Accepted by: Ester Espinoza
Electronically Submit
9/18/2015 5:09:33 I
Hidalgo County Clerks Off

CL-15-3231-A

Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to DEFENDANT. All of the conditions precedent to bring about this suit under the insurance policy has occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery has been performed, DEFENDANT has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANT. PLAINTIFF'S property was damaged by the hail/windstorm and water damage, of which are covered under the insurance policy. DEFENDANT has denied and/or delayed payment of PLAINTIFF'S covered claims. DEFENDANT has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible, and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with the PLAINTIFF. The conduct of DEFENDANT has proximately caused the injuries and damages to the PLAINTIFF.

## VII.    Second Cause of Action: DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, DEFENDANT has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

CL-15-3231-A

(a)    DEFENDANT made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    DEFENDANT'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    DEFENDANT failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by DEFENDANT at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)    As described above, DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANT took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. DEFENDANT conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sues. The conduct of the DEFENDANT was more than just a mistake, and was done "knowingly" and/or "intentionally" as that term is derived by statute. Because of that, DEFENANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.

Accepted by: Ester Espinoza

Electronically Submit
9/18/2015 5:09:33 |
Hidalgo County Clerks Off

CL-15-3231-A

PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

### VIII.   Unfair Insurance Practices

DEFENDANT failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. DEFENDANT failed to properly process claims and have misrepresented material facts to the PLAINTIFF. DEFENDANT has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, DEFENDANT has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling.  PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANT is fully aware. DEFENDANT has concealed damage known by it to exist.  DEFENDANT has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S pleas for help. DEFENDANT has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)   DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

6

Accepted by: Ester Espinoza

Electronically Submit
9/18/2015 5:09:33 I
Hidalgo County Clerks Off

CL-15-3231-A

(2)   DEFENDANT failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)   DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)   DEFENDANT breached its duty of good faith and fair dealing at common law;

(5)   DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)   DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)   DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)   DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)   DEFENDANT made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

7

CL-15-3231-A

(i)     the terms of the policy; and/or

(ii)    the benefits or advantages promised by the policy.

(b)    DEFENDANT made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c)    DEFENDANT failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d)    DEFENDANT made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)    Refusing, a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

DEFENDANT'S conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues.

IX.    Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to DEFENDANT, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, DEFENDANT refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, DEFENDANT

CL-15-3231-A

knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFF'S claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Wellington Insurance Company*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANT breached its duty to deal fairly and in good faith with the PLAINTIFF. DEFENDANT'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

X.      Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to DEFENDANT. DEFENDANT has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. DEFENDANT'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S investigation and use of adjusters' reports was an "outcome oriented investigation." DEFENDANT failed to comply with the requirements of Chapter 542 listed herein:

(a)     Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

CL-15-3231-A

(b)     Failing to request all of the items, statements and forms the Defendant

reasonably believed at the time would be required from PLAINTIFF'S to

pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is

entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all

amounts due on PLAINTIFF'S claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFF'S allege that as to any terms, conditions, notices, or requests under

the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the

alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every

defense or exclusion plead by DEFENDANT as to any exclusion, condition, or defense

pled by DEFENDANT, PLAINTIFFS would show that:

1.  The clear and unambiguous language of the policy provides coverage for

dwelling damage caused by windstorm and water damage, including the

cost of access to fix the damaged areas. Any other construction of the

language of the policy is void as against public policy;

2.  Any other construction and its use by DEFENDANT violates section 541

and 542 of the Texas Insurance Code and are void as against public

policy;

3.  Any other construction violates Art. 17.50 of the Texas Business and

Commerce Code, is unconscionable, was procured by fraudulent

inducement, and is void as against public policy;

10

Accepted by: Ester Espinoza

Electronically Submit
9/18/2015 5:09:33 I
Hidalgo County Clerks Off

CL-15-3231-A

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANT. In this regard, PLAINTIFF would show that his insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, DEFENDANT is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the Defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory

Accepted by: Ester Espinoza

Electronically Submit
9/18/2015 5:09:33 I
Hidalgo County Clerks Off

**CL-15-3231-A**

penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

XIII.   Jury Demand

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

XIV.   Requests for Disclosure

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**V. GONZALEZ & ASSOCIATES, P.C**.
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ *Peyton S. Kampas*
**PEYTON S. KAMPAS**
State Bar No. 24081533
peyton@vgonzalezlaw.com
*ATTORNEYS FOR PLAINTIFF*

**CAUSE NUMBER** CL-15-3231-A _____

| | | |
|---|---|---|
| VICTOR SANCHEZ, | § | IN THE COUNTY COURT |
| Plaintiffs | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| | § | |
| STANDARD GUARANTY | § | HIDALGO COUNTY, TEXAS |
| INSURANCE COMPANY | § | |
| Defendants | § | |

## PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT

**TO:    STANDARD GUARANTY INSURANCE COMPANY by and through its registered agent, COMMIONER OF INSURANCE: TEXAS DEPARTMENT OF INSURANCE, P.O. BOX 149104, AUSTIN, TEXAS.**

Plaintiff(s) request(s) that you produce for discovery under the provisions of Rule 196, Texas Rules of Civil Procedure. The requested documents are to be produced on or before the expiration of thirty days after service of this request. The documents shall be produced at the offices of V.Gonzalez, & Associates, P.C. Delivery of the documents requested may be by mail if you so desire.

In the event you object to any of the information   requested, you are instructed to furnish all other information to which no objection is made.

Please be advised that the undersigned intends to use the information you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

Respectfully submitted,

**CL-15-3231-A**

V. GONZALEZ & ASSOCIATES, P.C.
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

*/s/ Peyton S. Kampas*
PEYTON S. KAMPAS
State Bar No. 24081533
VICENTE GONZALEZ
State Bar No. 00798215
ATTORNEY FOR PLAINTIFFS

---

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of September 2015, I have caused a true and correct copy of the foregoing instruments to be served on the following attorneys of record:

COMMISSION OF INSURANCE
TEXAS DEPARTMENT OF INSURANCE
P.O. BOX 149104
AUSTIN, TEXAS 78714

*/s/ Peyton S. Kampas*
PEYTON S. KAMPAS

CL-15-3231-A

# DEFINITIONS

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Also note that Rule 196.3(c) provides that a party shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

Please be advised that the undersigned intends to use the documents you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

1. "You" or "Your" means the party responding to requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5. "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim You have made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or eleronic inpulse, mechanical or electronic recording, or other from of data

CL-15-3231-A

compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatiam transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

CL-15-3231-A

## INSTRUCTIONS

1.    You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.    Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

CL-15-3231-A

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    The claim files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2.    The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

3.    A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

4.    The electronic dairy, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

RESPONSE:

5.    Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm claims in Texas from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

RESPONSE:

6.    Your written prodcedures or policies (including document(s) maintained in electronic form) in place from July 1, 2010 to date that pertain to the handling of complaints made by windstorm policyholders in Texas. If the party answering this request is an independent adjuster, produce the request document for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

RESPONSE:

7.    The Operation Guides which relate to the handling of claims in Texas in effect from. If the party answering this request is an independent adjuster, produce the request documents for

CL-15-3231-A

both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

RESPONSE:

8.  The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claims.

RESPONSE:

9.  The engineering and mold reports prepared concerning Plaintiff's underlying claim

RESPONSE:

10. If you dispute that the cause of the loss was related solely produce the engineering reports in your possessions regarding damage to property within a one-mile radius of the Plaintiff's insured property.

RESPONSE:

11. The interior repair reports prepared concerning the Insured Location

RESPONSE:

12. The roofing repair reports prepared concerning the Insured Location

RESPONSE:

13. The field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject property.

RESPONSE:

14. The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

15. The videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

RESPONSE:

16. Defendant's internal newsletters, bulletins, publications and memoranda relating to policies and produres for handling Texas Hurricane claims that were issued from July 1, 2010 to date including, but not limited to, memoranda issued to claims adjusters.

## CL-15-3231-A

RESPONSE:

17.     The price guidelines that pertain to the handling of claims arising out of . In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

RESPONSE:

18.     The Plaintiff's file from the office of their insurance agent.

RESPONSE:

19.     The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiff's claims.

RESPONSE:

20.     The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from

RESPONSE:

21.     "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

RESPONSE:

22.     The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluated the subject property.

RESPONSE:

23.     The documents reflecting reserves applied to the subject claim.

RESPONSE:

24.     For the past five years, the portions of the personnel file of the adjuste(s) involved in halding Plaintiff's claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

25.     The managerial bouns or incentive plan for managers responsible for windstorm claims in effect for the time period January 1, 2010 to date.

## CL-15-3231-A

RESPONSE:

26. The bouns or incentive plan for adjusters in effect for the time period Janurary 1, 2010 to date.

RESPONSE:

27. The documents reflecting your criteria and produres for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from September 1, 2010 to date.

RESPONSE:

28. If a third party engineer evaluated the subject property, provide the documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

RESPONSE:

29. The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

RESPONSE:

30. Your approved or preferred vendor list for engineers, third party adjusters/ adjusting companies, roofers and contractors, for windstorm claims in Texas from September 1, 2011 to date.

RESPONSE:

31. The contract between the Defendant insurer and the Defendant third party adjusting company.

RESPONSE:

32. The correspondence between the Defendant insurer and the third party adjusters/ adjusting firms, engineers and other estimators who worked on the claim that pertain to the Claim at issue.

RESPONSE:

**CL-15-3231-A**

CAUSE NUMBER _____

| | | |
|---|---|---|
| VICTOR SANCHEZ, | § | IN THE COUNTY COURT |
|     Plaintiffs | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| | § | |
| STANDARD GUARANTY | § | HIDALGO COUNTY, TEXAS |
| INSURANCE COMPANY | § | |
|     Defendants | § | |

## PLAINTIFF'S WRITTEN INTERROGATORIES TO DEFENDANT

**TO:** **STANDARD GUARANTY INSURANCE COMPANY by and through its registered agent, COMMIONER OF INSURANCE: TEXAS DEPARTMENT OF INSURANCE, P.O. BOX 149104, AUSTIN, TEXAS.**

Plaintiff(s) request(s) that you produce for discovery under the provisions of Rule 197, Texas Rules of Civil Procedure. The resposnses to the Written Interrogatories are to be produced on or before the expiration of thirty days after service of this request to the attorneys for the plaintiff: The documents shall be produced at the offices of V.Gonzalez, & Associates, P.C. Delivery of the answers requested may be by mail.

In the event you object to any of the information   requested, you are instructed to furnish all other information to which no objection is made.

Please be advised that the undersigned intends to use the information you produce in response to this written intorrogatories in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

Respectfully submitted,

V. GONZALEZ & ASSOCIATES, P.C.
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

*/s/ Peyton S. Kampas*
PEYTON S. KAMPAS
State Bar No. 24081533

**CL-15-3231-A**

VICENTE GONZALEZ
State Bar No. 00798215
ATTORNEY FOR PLAINTIFFS

| **CERTIFICATE OF SERVICE** |
| --- |

I hereby certify that on this the 18th day of September, 2015, I have caused a true and correct copy of the foregoing instruments to be served on the following agent(s) of record:

COMMISSION OF INSURANCE
TEXAS DEPARTMENT OF INSURANCE
P.O. BOX 149104
AUSTIN, TEXAS 78714

*/s/ Peyton S. Kampas*
PEYTON S. KAMPAS

CL-15-3231-A

**Instructions and Definitions**

1. "You" or "Your" means the party responding to requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5. "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim You have made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or eleronic inpulse, mechanical or electronic recording, or other from of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

**CL-15-3231-A**

13.   "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

**CL-15-3231-A**

## INSTRUCTIONS

1.   You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.   Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

**CL-15-3231-A**

## INTERROGATORIES

1.    Please identify any person you expect to call to testify the time of trail.

ANSWER:

2.    Identify the persons involved in the investigation and handing of Plaintiff's claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

ANSWER:

3.    If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

4.    Indentify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

ANSWER:

5.    State the following concerning notice of claim and timing of payment:

      a. The date and manner in which you received notice of the claim
      b. The date and manner in which you acknowledged receipt of the claim
      c. The date and manner in which you commenced investigation of the claim
      d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
      e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

6.    Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

ANSWER:

7.    Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

CL-15-3231-A

ANSWER:

8.    Please identify the written procedures or policies (including docment(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims.

ANSWER:

9.    When was the date you anticipated litigation?

ANSWER:

10.   From November 1, 2010 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

ANSWER:

11.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

ANSWER:

12.   Do you contend that the insured premises was damaged by flood water, storm surge and/ or any excluded peril? If so, state the general factual bases for this contention.

ANSWER:

13.   Do you contend that any act or omission by Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

ANSWER:

14.   Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

ANSWER:

CL-15-3231-A

15.    How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:

    a.    what performance measures are used
    b.    describe your bouns or incentive plan for adjusters

ANSWER:

16.    Of the persons listed in response to requests for production identify any employee of the defendant who has a criminal record or a record of complaints with the Texas Department of Insurance.

ANSWER:

17    Of the persons listed in response to requests for production identify any employee of the defendant who has any record of violatiosn of company claim handling procedures.

ANSWER: