IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VICTOR SANCHEZ, | § | |
|   Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:15-cv-494 |
| | § | |
| STANDARD GUARANTY | § | |
| INSURANCE COMPANY, | § | JURY |
|   Defendant | § | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Plaintiff files this motion to remand under 28 U.S.C. §1447(c).

A. Introduction

1. Plaintiff is Victor Sanchez defendant is Standard Guaranty Insurance Company.

2. On September 18, 2015, plaintiff sued defendant for causes of action including breach of contract and DTPA violations in the County Court at Law No. 1 of Hidalgo County, Texas.

3. Defendant was served October 23, 2015. Defendant answered the suit on November 16, 2015.

4. Defendant filed its notice of removal on November 20, 2015.

B. Argument

5. The court must strictly construe the removal statutes in favor of remand and against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 864-85 (3d Cir. 1996).

6. The court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the filing of the notice of removal under 28 U.S.C. §1446(a). 28 U.S.C. §1447(c). If Plaintiff proves to a legal certainty that, if successful, they would not be able to recover more than the jurisdictional amount of $75,000.00, the case must be remanded to state court. *See McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

7. The court should remand this case to state court because the amount in controversy is less than $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755-56 (11th Cir. 2000).

8. Plaintiffs were very specific in their pleadings that the "PLAINTIFF seeks damages of monetary relief of no more than $75,000.00." *See Exhibit "A" – Plaintiff's Original Petition*. Thus, the amount in controversy is not greater than $75,000 and there is no diversity jurisdiction.

9. Second, the Court should remand this case to state court because, assuming arguendo that it was not clear from Plaintiff's original pleadings that they were not pleading more than $75,000.00, where the pleadings are ambiguous, post-removal affidavits can be used to clarify the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Columbia v. Dow Quimica de Colombia S.A.*, 988 F.2d 599, 565 (5th Cir. 1993), cert denied, 510 U.S. 1041, 114 S.Ct. 685, 126 Led.2d 653 (1994).

10. Plaintiff has attached his binding affidavit in which Plaintiff affirms he is not seeking more than $75,000.00 nor would he accept a judgment more than $75,000.00. Thus, this cause of action does not reach the amount in controversy requirement of diversity jurisdiction and this court does not have jurisdiction.

C.  Conclusion

11. Therefore, as it is clear from Plaintiff's original petition that he is not seeking recovery which would meet the amount in controversy, and where it is allegedly not clear, he has signed and submitted a binding stipulation as to the same fact, the amount in controversy requirement for this Court to have diversity jurisdiction over the cause of action at bar is not met. For these reasons,

plaintiff asks the court to grant this motion, remand this suit to the state court where it was originally filed, and award plaintiff its court costs, expenses, and attorney fees.

        V. GONZALEZ & ASSOCIATES, P.C.

        121 North 10th Street
        McAllen, Texas 78501
        Telephone: (956) 630-3266
        Facsimile: (956) 630-0383

        By: */s/ Peyton S. Kampas*
        PEYTON S. KAMPAS
        **State Bar No. 24081533**

## CERTIFICATE OF CONFERENCE

I hereby certify that I, in good faith, made several attempts over the past two weeks to conference with Defense counsel regarding the issues at no response from Defense counsel.

        */s/ Peyton S. Kampas*
        Peyton S. Kampas

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent in accordance with the Texas and Federal Rules of Civil Procedure, on this 18th day of December, 2015 to:

***Via Fax: (713) 337-8850***
EDISON, MCDOWELL & HETHERINGTON, LLP
Bradley J. Aiken  State Bar No. 24059361
Federal Bar No. 975212
Phoenix Tower 3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
brad.aiken@emhllp.com
*Attorney-in-Charge for Defendant*

Jeremy A. Williams
State Bar No. 24090467
Federal Bar No. 2639638
EDISON, MCDOWELL & HETHERINGTON, LLP
Phoenix Tower 3200 Southwest Freeway, Suite 2100 Houston, Texas 77027
Telephone: (713) 337-5586
Facsimile:  (713) 337-8850
Jeremy.williams@emhllp.com
*Of counsel for Defendant*

                                                          */s/ Peyton S. Kampas*
                                                        Peyton S. Kampas

# EXHIBIT A
# PLAINTIFF'S ORIGINAL PETITION

# EXHIBIT B
# BINDING STIPULATION